887 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James M. THOMPSON, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 89-5129.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 James M. Thompson, a pro se Kentucky prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Thompson was convicted by a jury of theft by unlawful taking and of the status offense of being a persistent felony offender (PFO) in the first degree; he was sentenced to ten years imprisonment. Defense counsel filed a notice of appeal in the Kentucky Court of Appeals. Thompson, however, dismissed his counsel and, proceeding pro se, dismissed the appeal believing it would be futile for him to pursue the appeal. Thereafter, Thompson filed a motion to vacate his sentence pursuant to Ky.R.Crim.P. 11.42 which was denied by both the trial court and the Kentucky Court of Appeals.
 
 
 3
 Thompson then filed the instant habeas petition arguing that there was insufficient evidence to support his PFO conviction, and that he received ineffective assistance of counsel because counsel did not object to the prior convictions that were used to support his PFO conviction. The magistrate recommended the petition be dismissed finding that the insufficiency of the evidence claim was procedurally barred because Thompson did not raise it on direct appeal. The magistrate addressed the merits of the ineffective assistance of counsel claim and found that counsel had not rendered deficient performance. The district court adopted the magistrate's recommendation over Thompson's objections.
 
 
 4
 Regarding the insufficiency of the evidence claim, the district court improperly utilized the cause and prejudice analysis and should have addressed the merits of the claim because the claim was fairly presented to the Kentucky courts. In Kentucky, a Rule 11.42 motion is an available remedy to pursue where the error asserted rises to the level of constitutional magnitude. See Basnight v. Commonwealth, 770 S.W.2d 231, 237 (Ky.App.1989). In this case, a claim based upon insufficient evidence will warrant relief from a conviction if no rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985). In addition, the cause and prejudice analysis is not appropriate here because the Kentucky Court of Appeals did not clearly and expressly rely on any procedural default by the petitioner as a basis for denying this claim. See Harris v. Reed, 109 S.Ct. 1038, 1042-43 (1989). Consequently, this particular claim must be remanded to the district court for further consideration of the merits.
 
 
 5
 As to the ineffective assistance of counsel claim, we believe this claim to be without merit. Counsel did in fact object to several aspects of the PFO proceeding. The PFO transcript indicates that on two separate occasions counsel moved to set aside the swearing of the jury. Counsel also moved to set aside the verdict. Under these circumstances, we conclude that counsel's performance was not deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed in part and vacated in part, and the case is remanded for further proceedings consistent with this opinion. Rule 9(b)(5) and (6), Rules of the Sixth Circuit.